IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MARCUS ANTONIO JONES, #203 884 | * | |
| Petitioner, | * | |
| v. | * | 1:05-CV-200-WKW |
| | | (WO) |
| BILLIE MITCHEM, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Marcus Jones on February 23, 2005. In this petition, Jones challenges his conviction for murder entered against him by the Circuit Court for Coffee County, Alabama, on February 18, 1999. The trial court sentenced Jones to 99 years' imprisonment. The Alabama Court of Criminal Appeals affirmed his conviction on March 2, 2001 and denied his application for rehearing on May 18, 2001. The Supreme Court of Alabama granted Jones' writ of certiorari but subsequently quashed the writ on February 1, 2002. By operation of law, Petitioner's conviction became final on May 2, 2002.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's conviction became final in 2002 – **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court. They argue, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Jones filing this federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Jones that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 17.) The order also gave Jones an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Jones filed his response on August 29, 2005. (Doc. No. 18.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-

capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] Respondents maintain that Jones' habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law.[3] According to Respondents, because Jones' conviction became final in 2002 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the

---

[2]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]Subsection (d) of 28 U.S.C. § 2244 was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

state courts.

  28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Jones was convicted of murder in the Circuit Court for Coffee County, Alabama, on February 18, 1999. He appealed this conviction. The Alabama Court of Criminal Appeals remanded the case to the trial court on June 30, 2000 for a determination as to whether the petite jury had been sworn. On March 2, 2001 the appellate court, on rehearing *ex moro motu*, withdrew its June 30, 2000 opinion, and substituted another opinion on March 2, 2001 affirming Jones' murder conviction. Following the denial of Jones' application for rehearing on May 18, 2001, the Alabama Supreme Court granted his petition for writ of certiorari on October 29, 2001 with respect to "the issue as to whether the trial court erred in allowing the uncorroborated testimony of an accomplice," and denied the petition as to all other issues. On February 1, 2002, the Alabama Supreme Court issued a certificate of judgment quashing the petition for writ of certiorari and denying the same. (Doc. No. 10, Exhs. B-G, I, J.) By operation of law, Jones' 1999 conviction for murder became final on May 2, 2002 – ninety days after the Alabama Supreme Court denied the petition for writ of certiorari – as this is the date on which the time expired for Jones to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. §

2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Jones' murder conviction became final on May 2, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

*A. Actual Innocence*

Jones maintains that he is actually innocent of the crime for which he was convicted. (Doc. No. 18 at pgs. 3-7.) This court must determine whether Jones has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Here, the court finds that Jones presents only self-serving and conclusory allegations that he is actually innocent arguing, essentially, that the evidence at trial was insufficient to sustain his conviction. Jones' arguments constitute claims of legal insufficiency rather than

5

factual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *see generally Conteh v. United States,* 226 F. Supp.2d 514, 519-20 (S.D.N.Y. 2002) ("A Section 2255 motion is not a vehicle for rearguing the credibility of witnesses."). Moreover, most, if not all, of the claims presented in support of his actual innocence argument were raised and addressed on appeal of his conviction. *See Jones v. State*, 826 So.2d 901 (Ala.Crim.App 2001).

"To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. at 623 (citations and internal quotations omitted). Jones has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible evidence. The court, therefore, concludes that Jones has failed to demonstrate his actual innocence.

*B. Equitable Tolling*

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Such tolling applies only in truly extraordinary circumstances. *Jones v. United*

*States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see also Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.2001).

Jones maintains that he is entitled to equitable tolling of the limitation period because he filed a Rule 32 petition in February 2003. According to Jones, through no fault of his own, the trial court overlooked the fact that when his post-conviction petition was accepted for filing on February 5, 2003, it was not properly verified. In further support of his contention that he is entitled to equitable tolling of the limitation period, Jones contends that he had a 42 U.S.C. § 1983 action pending in this court from 2000 to February 2003, and that his direct appeal was denied May 2, 2001 and the Alabama Supreme Court denied certiorari review February 1, 2002. Jones maintains that "this court proceeding tolled the AEDPA for a period of six (6) months, bring[ing] the date to August 2002. Therefore, petitioner's Rule 32 petition's deadline to file his Rule 32 petition was February 2003." (Doc. No 18 at pg. 2.)

First, the court has already established that Jones' conviction became final in May 2002. Although Jones asserts that he is entitled to equitable tolling from February 1, 2002 to August 1, 2002, this argument is unavailing as it is based on an improper interpretation of the manner in which the federal limitation period is calculated. Specifically, tolling under this scenario would entitle a petitioner to tolling of the limitation period during the time in

which he could have filed a state post-conviction action. Such tolling is foreclosed by the express language of 28 U.S.C. § 2244(d)(2) and decisions issued by the United States Supreme Court and the Eleventh Circuit Court of Appeals.

Second, Jones' contention that he had a § 1983 civil action pending in this court from 2000 to February 2003 is unavailing for purposes of establishing equitable tolling. The fact that Jones may have been involved in other litigation in this court during the running of the limitation period does not entitle him to equitable tolling.

With respect to Jones' contention that through no fault of his own he was not aware that he had failed to submit a verified Rule 32 petition at the time he filed the petition with the state court in February 2003, Respondents argue that the state appellate courts concluded that the filing date of Jones' Rule 32 petition was September 6, 2003. Respondents maintain that while the appellate court determined that Jones had filed an earlier post-conviction petition with the trial court, the petition had been returned to him with permission to re-file the pleading because he failed to verify the original petition as required by Rule 32.6(a), Ala.R.Crim.P. Respondents further point out that the appellate court went on to conclude that the trial court had no authority to enlarge the filing period and that the petition filed on September 6, 2003 was filed after the limitation period under Rule 32.2(c), Ala.R.Crim.P., expired. (Doc. No. 16.)

The evidentiary material before the court shows that Jones originally filed a Rule 32 petition with the trial court on February 5, 2003 which remained pending until August 15,

2003. On that date, the trial court returned Jones' Rule 32 petition to him because he had not verified it. Jones re-filed his Rule 32 petition on September 6, 2003. Under the undisputed circumstances of this case, the court finds that the limitation period should be equitably tolled from February 5, 2003 to September 6, 2003 because Jones did not receive notice of the invalidity of his post-conviction filing until receipt of the August 15, 2003 notice from the trial court concerning his unverified Rule 32 petition. *See Jones v. Nagle*, 349 F.3d 1305, 1308 (11th Cir. 2003) (equitable tolling appropriate until time petitioner alleged he received notice of state court's ruling where State fails to dispute petitioner's claim that his receipt of notice occurred several months after court's ruling). Accordingly, for purposes of calculating expiration of the limitation period, the court will use February 5, 2003 as the date Jones filed his first Rule 32 petition.

*C. Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Respondents maintain that even if the Rule 32 petition filed by Petitioner on February 5, 2003 is considered properly filed for purposes of tolling the limitation period under 28 U.S.C. § 2244(d), such would not alter the fact that the present federal habeas corpus application is barred by the statute of limitations. (*Id.*)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Respondents assert that a period of 279 days of the tolling period ran uninterrupted between May 2, 2002 and the filing of Petitioner's Rule 32 petition on February 5, 2003. When the Rule 32 proceedings were completed on June 9, 2004 with the issuance of a certificate of judgment, another 259 days of the limitation period elapsed before Jones filed the instant petition on February 23, 2005. Put another way, when Jones' post-conviction proceedings were completed on June 9, 2004, he had 86 days left, or until September 3, 2004, to file a timely habeas corpus petition with this court. Jones filed the instant federal habeas petition on February 23, 2005. Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired, at the latest, on September 3, 2004. The limitation period, therefore, lapsed more than four months prior to Jones' filing this federal action. Jones has failed to show cause why this petition should not be dismissed as untimely filed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Marcus Jones be DENIED and DISMISSED with prejudice as Jones failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

It is further

ORDERED that on or before October 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE